People v Camacho (2019 NY Slip Op 08944)





People v Camacho


2019 NY Slip Op 08944


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10562 976/16

[*1] The People of the State of New York, Respondent,
v
Gabriel Camacho, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), and Debevoise & Plimpton LLP, New York (Matthew Specht of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia P. Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered June 29, 2017, as amended October 20, 2017, convicting defendant, after a jury trial, of robbery in the third degree, grand larceny in the fourth degree and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously modified, on the law, to the extent of vacating the robbery conviction and remanding for a new trial on that charge, and vacating the grand larceny conviction and dismissing that charge, and otherwise affirmed.
Defendant was deprived of effective assistance of counsel when his attorney failed to make a timely request for submission of petit larceny as a lesser included offense of robbery (People v Jones, 167 AD3d 443, 443 [1st Dept 2018], lv denied 31 NY3d 1205 [2019]). Defendant was charged with thefts of cell phones from four wireless phone stores. As to one incident, it was alleged defendant forcibly stole a cell phone in that his showing of a knife to the store employee constituted a threat of force and was perceived by the employee as a threat. While the defense conceded that defendant stole a cell phone, it denied any force was used. Nevertheless, at the charge conference prior to jury deliberations, defense counsel failed to ask for submission of the charge of petit larceny. Since the existing record clearly establishes that this was a mistake, rather than a strategic decision, no CPL 440.10 motion is necessary. When counsel asked for submission of the lesser included offense in the midst of jury deliberations, he expressly admitted that he had been "remiss" in not making a timely request. In any event, counsel could not have been employing an all-or-nothing strategy as to the robbery as argued by the People. This strategy would have made no sense, because the defense was conceding that defendant was guilty of petit larceny as to the other incidents and was already inviting convictions of several misdemeanors.
Although the verdict convicting defendant of robbery was not against the weight of the evidence, there was a reasonable view of the evidence to support petit larceny, and the evidence of forcible stealing was not so overwhelming so as to render a request for petit larceny futile.
Defendant is also entitled to dismissal of the grand larceny charge, which was based upon the improper aggregation of the value of phones taken from two separate AT & T stores on two different days. The People failed to prove that the stores, and the phones located therein, had the same "owner" for the purpose of aggregating multiple thefts (see People v Miller, 145 AD3d 593, 594 [1st Dept 2016], lv denied 29 NY3d 950 [2017]). There was no evidence that these stores were owned by the same corporation, as opposed to, for example, dealerships separately owned and authorized to sell AT & T wireless products and services (see Kapoor v AWI Wireless, LLC, 159 AD3d 1027, 1028 [2d Dept 2018] [discussing a type of dealership contract used by AT & T]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK